**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KEVIN S. C.,[1]

                           Plaintiff,

v.                                                          5:21-CV-1318 (BKS/DEP)

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                           Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky, Esq.
Christopher T. Milliman, Esq.
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman
United States Attorney
Hugh Dun Rappaport, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION & ORDER**

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] Pursuant to Fed. R. Civ. P. 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

## I.     INTRODUCTION

On December 8, 2021, Plaintiff commenced this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge a decision by Defendant Commissioner of Social Security denying his application for Supplemental Security Income benefits ("SSI").  (Dkt. No. 1).  The matter was referred to United States Magistrate Judge David E. Peebles for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(d).

On December 13, 2022, after reviewing the parties' briefs and the Administrative Record, (Dkt. Nos. 9, 12–13),[3] and holding oral argument, Magistrate Judge Peebles issued a Report and Recommendation, which recommended that the Commissioner's decision be affirmed.  (Dkt. No. 18).  Plaintiff has filed objections to the Report and Recommendation, (Dkt. No. 19), and Defendant has responded, (Dkt. No. 20).  For the following reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.[4]

## II.    STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2).  "A proper objection is one that identifies the specific portions of the [report and recommendation] that the objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation and internal quotation marks omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp.

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 9), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

[4] This matter was reassigned to the undersigned on January 4, 2023.  (Dkt. No. 21).

2d 485, 487 (S.D.N.Y. 2009).  Findings and recommendations as to which there was no properly

preserved objection are reviewed for clear error.  *Id*.  To the extent a party makes "merely

perfunctory responses, argued in an attempt to engage the district court in a rehashing of the

same arguments" set forth in the original submission, the Court will only review for clear error.

*Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation

marks omitted).

III.   **DISCUSSION**

The parties have not raised any objections to the background or the legal framework set

forth in the Report and Recommendation.  (*See* Dkt. No. 18, at 2–10).  The Court therefore

adopts Magistrate Judge Peebles's summary of the factual and procedural background and

applicable law and presumes familiarity with those matters for the purposes of this decision.

As relevant here, Plaintiff objects to Magistrate Judge Peebles's finding that the

Administrative Law Judge ("ALJ") Elizabeth Koennecke did not err by conducting a combined,

single analysis for the opinion of Dr. Luis Castro and the joint opinion of Dr. Marisa Desimone

and Nurse Practitioner ("NP") Lauren Eadline.  (Dkt. No. 19, at 1–2).  Further, Plaintiff objects

to Magistrate Judge Peebles's finding that the ALJ gave well-supported reasons for affording

little persuasiveness to the Dr. Desimone/NP Eadline opinion.  (*Id.*, at 2–3).  Defendant argues

that this Court's review should only be for clear error because Plaintiff's arguments are merely a

rehash of the arguments presented to Magistrate Judge Peebles.  (Dkt. No. 20).

A.   **Methodology**

In his initial brief, Plaintiff argued that the ALJ erred by not conducting a separate

analysis for the Dr. Desimone/NP Eadline opinion, particularly with respect to its consistency

and supportability, and instead erroneously combined it with a discussion of the opinions given

by Dr. Castro.  (Dkt. No. 12, at 14–17).  Magistrate Judge Peebles found that this argument

lacked merit because: 1) "[n]othing in the regulations requires the ALJ's analysis to be separate

for each medical opinion"; 2) "the ALJ's discussion of these sources' opinions makes clear that

she found that none of those opinions were not supported by or consistent with the evidence in

the record related to plaintiff's seizure disorder and diabetes"; and 3) the ALJ explained why she

found the opinions to be unpersuasive, "including specifically regarding the areas where both

opinions indicated significant disabling limitations."  (Dkt. No. 18, at 14–17).

Plaintiff's only arguably specific objection is that Magistrate Judge Peebles erroneously

concluded that "[n]othing in the regulations requires the ALJ's analysis to be separate for each

medical opinion."  (Dkt. No. 19, at 1).  But the Regulation cited by Plaintiff states only that the

ALJ "will articulate in our determination or decision how persuasive we find all of the medical

opinions . . . in your case record."  20 C.F.R. § 404.1520c(b).  The Regulations also state that the

ALJ can conduct a single analysis for multiple medical opinions given by a single source.  *Id*. §

404.1520c(b)(1).  The Regulations do not indicate whether or not the ALJ can conduct a single

analysis for medical opinions given by multiple sources.  Therefore, even assuming that

Plaintiff's objection triggered *de novo* review, the Court finds no error in Magistrate Judge

Peebles's conclusion.

Plaintiff's other objections repeat the same arguments rejected by Magistrate Judge

Peebles, i.e. that "the ALJ erroneously combined the opinions in a single analysis" without

properly addressing their different bases, consistency, and supportability.  (Dkt. No. 19, at 2).

However, at this stage of the proceeding the Court reviews the Magistrate Judge's findings and

recommendations, not the underlying analysis by the ALJ.  Because Plaintiff has not made a

proper objection, the Court reviews only for clear error and finds none.  *See DiMartino v.*

*Berryhill*, 327 F. Supp. 3d 533, 538 (E.D.N.Y. 2018) ("The Plaintiff's attempt to relitigate the exact same issues decided by the Magistrate Judge is an improper objection. While she may disagree with the R & R's conclusions, this is not the procedural mechanism to rehash them.").

**B.    Substantive Analysis**

In his initial brief, Plaintiff argued that the ALJ erred in concluding "that the frequency of unscheduled breaks, excessive absences, and off-task behavior, as opined by Dr. Desimone and NP Eadline, is unsupported." (Dkt. No. 12, at 17). Plaintiff argued that the ALJ mischaracterized the record and failed to build a logical bridge from the evidence to her conclusion. (*Id.*, at 17–24). Magistrate Judge Peebles found that these arguments were unsupported because evidence showed that Plaintiff's "diabetes was well-controlled with treatment adherence, which also resulted in a cessation of seizure activity," which in turn refuted the medical opinions regarding work-related limitations for absences, off-task time, and unscheduled breaks. (Dkt. No. 18, at 17–21).

Plaintiff now repeats the same arguments rejected by Magistrate Judge Peebles, arguing that the ALJ mischaracterized the record and failed to create a logical bridge between the evidence and her conclusion. (Dkt. No. 19, at 2). However, these previously litigated issues are not a proper basis for an objection, as discussed above. Finally, Plaintiff argues that Magistrate Judge Peebles "did nothing more than summarize the medical evidence, and draw his own conclusion that the ALJ's decision is supported by substantial evidence." (*Id.*, at 2–3). But Plaintiff does not make any specific objection to Magistrate Judge Peebles's analysis. To the extent Plaintiff makes any generalized objections or objections directed at the ALJ's analysis, the Court has reviewed the Report and Recommendation for clear error and finds none.

**IV.    CONCLUSION**

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 18) is **ADOPTED in its entirety**; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the decision of the Commissioner of Social Security is **AFFIRMED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: <u>January 23, 2023</u>
　　　Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge